BREWER, Appellant, v. WHITE et al., Defendants;
COMBES, Interpleader, Respondent.

**St. Louis Court of Appeals, February 21, 1905.**

**SALES: Muniments of Title: Conclusion of Law.** Where the right
of a party asserting title to property rests on authenticated
documents, and no fact is proven to cast doubt on the good
faith of the transactions which led to the execution of the doc-
uments as muniments of title, their effect is a conclusion of
law.

Appeal from Madrid Circuit Court.—*Hon. John H.
Mott,* Special Judge.

AFFIRMED.

*James V. Conran* and *Russell & Deal* for appel-
lant.

*H. C. O'Bryan* for respondent.

GOODE, J.—This is a controversy between James
R. Brewer as plaintiff, and Voorhees Combes as inter-
pleader. The main action, on which the interplea pro-
ceeding is engrafted, was brought by Brewer against
W. H. White & Company of Terre Haute, Indiana, a
firm composed of W. H. White, E. L. Dickenson and
Gustav A. Consman. That action was for an alleged
trespass by White & Company in entering on Brewer's
land and cutting down and carrying off timber to the
value of $500. After it was instituted Brewer sued
out a writ of attachment and attached as the property
of White & Company about 1,700 railroad ties, which
had been cut, not on his land, but from another tract.
Combes interpleaded for the ties, claiming he owned
them when attached, and the evidence put his title be-
yond doubt. The ties were cut from a tract of land

in New Madrid county, originally owned by John Moylan. Moylan sold and transferred the standing timber on that tract to White & Company by a writing dated November 25, 1901, giving the purchaser a license to enter on the land and cut the timber. On December 6, 1901, White & Company sold the timber which they had bought from Moylan to Noah H. Downing. This sale was evidenced by an instrument in writing. Afterwards Downing, by a written instrument, sold and assigned his right and title to the timber to the interpleader Combes. Delivery of possession accompanied all the sales. The checks given by the purchasers in payment for the timber were introduced and showed they had been cashed. No ties were cut while White & Company owned the timber, but part were cut while Downing was the owner and the remainder after Combes purchased. What the plaintiff relies on is that the sales by White & Company to Downing and by the latter to Combes were not in good faith but colorable and fraudulent. An attentive study of the evidence, which is all before us, has disclosed no statement or fact tending to support this position. We might not be able to assent to every ruling of the court. The main assignment of error is that the court refused to permit the plaintiff to prove that prior to the sale by White & Company to Downing and by the latter to Combes, he (Brewer) had asserted the demand against White & Company for the alleged trespass which is the subject-matter of the present suit. The court would not let the plaintiff swear to that fact, but it had already been drawn out in White's cross-examination and was in proof without any evidence contradicting it. No attempt was made to show that White & Company had any creditors in the strict sense of the word. The plaintiff's contention is that the sale and transfer of the timber out of which the ties were cut, was for the purpose of defeating his demand. If the ties were held by Combes in secret trust for the use of

White & Company, plaintiff would be entitled to seize them for his demand. But there is nothing to show White & Company entertained a purpose hostile to the defendant when the sales occurred, or that, if entertained, Combes knew of it, intended to assist in carrying it out, or held the property in dispute for White & Company's use. The court would have been justified in instructing the jury to return a verdict in favor of the interpleader. His right to the ties rests on authenticated documents. No fact was proved to cast doubt on the good faith of the parties in the transactions which led to the execution of the documents as muniments of title, and their effect was a conclusion of law. [Fahy v. Gordon, 133 Mo. 414, 426, 34 S. W. 881.] Many witnesses supported the interpleader's ownership and none testified to an impeaching fact. Before Combes or White & Company had bought the timber from which the ties were cut, the plaintiff had sued on the present demand and been nonsuited. He began the present action after the purchase by Combes and elicited from the latter on cross-examination, that he knew nothing whatever of the plaintiff or his demand when he bought from Downing. There was no evidence for the jury to weigh, for though fraud may be found from circumstances and need not be proved directly, the finding must rest on proof and not conjecture. [Funkhouser v. Lay, 78 Mo. 458; Waddingham's Exr. v. Loker, 44 Mo. 132.]

'The judgment is affirmed. All concur.